# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Harold L. Holmes, | **)** | Civil Action No.: 6:03-3073-10AK |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | **ORDER** |
| | **)** | |
| Jo Anne B. Barnhart, Commissioner | **)** | |
| of Social Security, | **)** | |
| | **)** | |
| Defendant, | **)** | |
| | **)** | |

This matter is before the Court pursuant to a Report and Recommendation submitted by United States Magistrate Judge William M. Catoe, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules. In this action brought pursuant to § 205(g) and § 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), Plaintiff Harold L. Holmes ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under Titles II and XVI of the Social Security Act.

Plaintiff was born on July 13, 1952 and is presently fifty-three (53) years old. (Court Tr. Index 500.) He has a tenth grade education and has past relevant work experience as a jackhammer operator in a rock quarry and debarker machine operator in a sawmill. (Tr. 503, 505, 514.) Plaintiff alleges disability due to a weak right arm, left knee and right thigh problems, arthritis, asthma, hernia surgery, and a nerve condition. (Tr. 161-2.) Plaintiff filed applications for SSI benefits on September 15, 1998 and DIB benefits on September 15, 1998 and September

1


5, 1997, alleging that he has been unable to work since December 31, 1996. (Tr. 52, 55, 276.) The application was denied initially and on reconsideration by the Social Security Administration. (Tr. 35-36, 281, 286-289.) Thereafter, Plaintiff filed a request for a hearing. (Tr. 290-328.) On August 30, 2000, the Administrative Law Judge (ALJ) found that Plaintiff was not disabled as defined by the Social Security Act. (Tr. 12-20.) The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. (Tr. 6-7.) Plaintiff commenced a civil action to review the Commissioner's denial of benefits.

On November 16, 2001, the case was remanded to the Appeals Council for a comprehensive credibility examination as required by 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Ruling (SSR) 96-7. (Tr. 353-54). On January 15, 2002, the Appeals Counsel remanded the case to the ALJ (Tr. 355-56), and a hearing was held on June 11, 2002. (Tr. 493-529). On September 17, 2002, the ALJ issued a decision denying Plaintiff's claims, finding, *inter alia*, that Plaintiff was capable of performing a significant number of jobs in the national economy. (Tr. 345). "Examples of such jobs are: hand packager, of which there are 3,470 in the State of South Carolina and 1,281,000 in the United States; inspector, 3,100 in the State and 625,000 in the nation; and routing clerk, 2,700 and 239,000 respectively." Id.

The ALJ also considered Plaintiff's subjective medical complaints and concluded that "[t]he evidence as a whole does not support a finding that the claimant's subjective symptoms have occurred with such frequency and severity as to have precluded him from performing all substantial gainful activity on a sustained basis." (Tr. 341). According to the ALJ, Plaintiff "was not under a 'disability,' as defined by the Social Security Act . . . ." (Tr. 345). The ALJ found that Plaintiff maintains residual functioning capacity "to perform the full range of light

work . . . reduced by [certain] nonexertional limitations." Id. The Appeals Council denied Plaintiff's request for a review on August 11, 2003, thus making the ALJ's decision the "final decision" of the Commissioner. (Tr. 329-30).

Upon his review, the Magistrate Judge recommended that the decision of the Commissioner be affirmed, concluding that the ALJ's findings were supported by substantial evidence. The Magistrate Judge concluded that the ALJ properly considered Plaintiff's medical records, subjective complaints, and the testimony of Plaintiff's wife and vocational expert. The Magistrate Judge recited the evidence of Plaintiff's subjective complaints considered by the ALJ and concluded that the ALJ's credibility determination was supported by substantial evidence.

Plaintiff objects to the recommendation of the Magistrate Judge. Plaintiff asserts that the Magistrate Judge erred in finding that 1) there was substantial evidence to support the conclusion of the ALJ that Plaintiff was not disabled, 2) Plaintiff's mental impairment was not of disability severity, and 3) the hypothetical posed by the ALJ to the vocational expert was supported by substantial evidence in the record. Therefore, Plaintiff asks this Court to not adopt the recommendation of the Magistrate Judge.

The Court is empowered by 42 U.S.C. §405(g) to affirm, modify, or reverse the decision of the Commissioner, "with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89 (1991). Nevertheless, it is a reviewing court's responsibility to determine if there is substantial evidence to support the Commissioner's determination. If there is substantial evidence to support the Commissioner's decision then the court's inquiry must terminate. Snyder v. Ribicoff, 307 F.2d 518, 520 (4th Cir. 1962).

A disability benefits plaintiff bears the burden of proving that he is disabled within the

definition of the Social Security Act. 42 U.S.C. §423(d)(5). Disability benefits are available to those persons who are insured for such benefits, who are not of retirement age, who properly apply, and who are under a disability. 42 U.S.C. §423(a)(1). A disability is the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 continuous months. 42 U.S.C. §423(d)(1)(A). It is the Commissioner's responsibility to make the determination or decision about whether a claimant meets the statutory definition of disability. See 20 C.F.R. §404.1527(e)(1).

The Social Security Administration has reduced the determination of disability to a five-step process: Step one determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from

performing work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant cannot perform this work, the fifth and final step of the process determines whether he is able to perform other work in the national economy in view of his age, education, and work experience. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f). A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical evidence and other evidence. 20 C.F.R. §§ 404.1539(c)(4) and 416.929(c)(4). The finding at Step Five (5) of the disability analysis precluded the ALJ from awarding benefits to Plaintiff in this case.

This Court has reviewed the complete record in this matter. Upon careful consideration of the pleadings, the evidence of record, the report, and the objection, and the response thereon, the Court concludes that for reasons stated by the Magistrate Judge, the recommendations are approved. The Commissioner's decision is supported by substantial evidence and is therefore affirmed.

**IT IS SO ORDERED.**

<div style="text-align:right">
s/Matthew J. Perry_____<br>
**MATTHEW J. PERRY**<br>
**SENIOR UNITED STATES DISTRICT JUDGE**
</div>

**Columbia, South Carolina**
**March 2, 2006**